We granted a rehearing in this matter because we had some doubt as to whether there had been an unreasonable delay by the plaintiff in proceeding with the foreclosure, which it had agreed to initiate when defendant remitted $1,000 to be applied "as partial payment to indemnify * * * against any losses or expenses incurred by plaintiff in connection with a foreclosure proceeding * * *." Robinson had requested that, if possible, plaintiff employ, for the foreclosure proceeding, a firm of attorneys in New Orleans suggested by Robinson, and on January 3, 1947, plaintiff wrote Robinson that it would submit the question to its Chicago attorneys, who would review the entire matter, and then decide whether the firm of attorneys suggested by Robinson would be employed. Apparently this was satisfactory to Robinson, and on January 23, plaintiff employed the New Orleans attorneys suggested by Robinson. The delay then, which was chargeable to plaintiff, was twenty days, that is to say, between January 3, on which day plaintiff advised defendant that it was submitting the matter of selecting attorneys to its Chicago counsel, and January 23, the day on which plaintiff wrote offering the employment to the counsel in New Orleans suggested by defendant.
Since there was involved an indebtedness of more than $100,000 — defendant fixes the amount at about $106,000 and plaintiff fixes it at about $125,000 — and since in that time the Chicago attorneys were to investigate the standing of the suggested New Orleans attorneys and were to take up the question of what fee would be charged, we would be loathe to hold, under ordinary circumstances, that there was an unreasonable delay.
However, we find no contradiction of the testimony of Robinson that before the remittance was made, plaintiff was told that it was extremely important that the matter be rushed as much as possible. We find no contradiction of his testimony that during that period immediately following January 3, he telephoned to plaintiff in Chicago on eight or ten occasions urging that the matter be hurried as much as possible. And we find no contradiction of his statement that he had secured a prospective purchaser of the property covered by the mortgage which was to be foreclosed, and that "this purchaser could not be held in suspense for any extended period of time."
Under these circumstances, we conclude, as we stated in our original opinion, that *Page 47 
the delay was unreasonably long. See 39 So.2d 370.
We find counsel in some disagreement as to the effect which should be given to Articles 2163 and 2165 of our Civil Code. These articles read as follows:
"Article 2163 — The debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge.
"Article 2165 — When the debtor of several debts has accepted a receipt, by which the creditor has imputed what he has received to one of the debts specially, the debtor can no longer require the imputation to be made to a different debt, unless there have been fraud or surprise on the part of the creditor."
Counsel for Robinson maintain that under the first of these articles, he had the right to have the $1,000 which he remitted imputed to whichever of the debts he might designate. Counsel for plaintiff concede this, but insist that after Robinson had declared what debt he meant to discharge, he was prevented by Article 2165 from requiring that the imputation be "made to a different debt."
We have no doubt that this latter argument would prevail except for the fact that, as we have already said, we feel that when the remittance was made, there was an implied condition that the foreclosure would be initiated within a reasonable time.
Surely if a debtor, when he makes a remittance to a creditor, asks that it be imputed to a certain account and stipulates that this must be done promptly, he has the right, in the event of undue delay, to change the imputation, and we think that this is true in spite of the provisions of Article 2165.
It may be well to add that nothing that we have said or held can affect in any way the question of whether or not the defendant is liable to the plaintiff for fees or costs resulting from the confection of the dation en payment. That question is in no way involved here. All that we hold is that the remittance, which was made, should be credited against the account No. W-317, which is the account on which this suit is based.
Our original opinion and decree are reinstated and made final.
Original decree reinstated.